**Carl A. PITSTICK, Plaintiff,**

v.

**POTASH CORPORATION OF SASKATCHEWAN SALES LIMITED, Defendant.**

**No. C–2–87–1087.**

United States District Court, S.D. Ohio, E.D.

Nov. 1, 1988.

Glenn V. Whitaker, Cincinnati, Ohio (Graydon, Head & Ritchey, of counsel), for plaintiff.

Thomas S. Shore, Jr., Rendigs, Fry, Kiely & Dennis, Cincinnati, Ohio (Michael Evan Jaffe, Ronald L. Castle, Anne D. Bolling, Arent, Fox, Rintner, Plotkin & Kahn, Washington, D.C., of counsel), for defendant.

## MEMORANDUM AND ORDER

GRAHAM, District Judge.

Plaintiff Carl Pitstick, an Ohio resident, commenced this action against his former employer, Potash Corporation of Saskatchewan Sales Limited, a Canadian corporation with its principal place of business in Chicago, Illinois. Plaintiff alleges a breach of his contract of employment under Ohio law, a violation of the age discrimination provisions of Ohio Revised Code § 4101.17, a violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and wrongful denial of benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*

The complaint was originally filed on August 3, 1987 in the Court of Common Pleas of Fayette County, Ohio. Defendant filed a petition to remove the action to this court on September 2, 1987 pursuant to 28 U.S.C. § 1441, which provides for removal of actions brought against a foreign state. Defendant is a wholly-owned subsidiary of Potash Corporation of Saskatchewan, which is a Canadian corporation owned by the Province of Saskatchewan, Canada. Defendant therefore falls within the definition of "foreign state" found in 28 U.S.C. § 1603, which includes an "agency or instrumentality of a foreign state" within the definition of "foreign state," and further defines an "agency or instrumentality of a foreign state" to encompass a separate legal corporation which is largely owned by a political subdivision of a foreign state and which is not a citizen of a state of the United States.

This matter is now before the court on defendant's motions for partial summary

judgment and to strike plaintiff's jury demand.

The procedure for granting summary judgment is found in Fed.R.Civ.P. 56(c), which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The evidence must be viewed in light favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). However, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

■ Defendant first contends that it is entitled to summary judgment on plaintiff's ERISA claim. Defendant relies upon 29 U.S.C. § 1003(b), which provides in relevant part:

> (b) The provisions of this subchapter shall not apply to any employee benefit plan if—
>
>  * * * * * *
>
> (4) such plan is maintained outside of the United States primarily for the benefit of persons substantially all of whom are nonresident aliens; . . .

Plaintiff claims that he was wrongfully denied severance benefits under defendant's severance pay plan. According to the affidavit of Darryl Barclay, defendant's Director of Human Resources, the severance pay program was established under the laws of Canada in 1982, and is available to employees of Potash Corporation of Saskatchewan and its subsidiaries, including employees of defendant. Mr. Barclay stated that the program was adopted primarily for the benefit of the Canadian employees, and that of the 1,668 employees covered by the severance pay program in early 1987, less than thirty were United States citizens and only twenty-three were residents of the United States. The plan was organized under Canadian law and is maintained and operated in Saskatchewan, Canada.

Defendant has also submitted the affidavit of Elaine Vetter, Personnel Officer of the Potash Corporation of Saskatchewan, who states that the severance program adopted in 1982 is the only severance plan maintained by the parent corporation and its subsidiaries. It applies equally to Canadian and United States employees. The severance plan is designed to provide benefits in one lump sum to employees who are involuntarily terminated. Employees who voluntarily terminate employment or retire are not eligible for severance benefits. Ms. Vetter explains in her affidavit that the severance plan is distinct from the pension plans provided for employees. Potash Corporation of Saskatchewan maintains a pension plan organized under Canadian law for its Canadian employees, and a separate plan complying with the laws of the United States for the benefit of defendant's employees who perform services in the United States. The pension plans are separately organized due to the differences in the tax laws of the two countries.

Plaintiff has submitted a summary description of the 401(k) pension plan provided by defendant, which indicates that the employees who regularly perform services in a United States branch of the parent corporation are eligible to participate in the 401(k) Money Purchase Pension Thrift Plan. However, the evidence before the court indicates that the 401(k) plan is a pension plan which is separate and distinct from defendant's severance pay program both in terms of the type of benefit provided and the scope of coverage. Even the language in plaintiff's complaint speaks of defendant's severance policy as an "Em-

**134**

ployee Welfare Benefit Plan," not as a pension plan.

Plaintiff, while producing no evidence to contest defendant's affidavits, argues that the severance plan and the pension plan should be considered as a single "separation package" for purposes of the 29 U.S.C. § 1003(b)(4) exclusion. However, the uncontroverted facts in the record indicate that the severance pay plan and the pension plans are mutually exclusive in regard to the type of benefit provided, are organized under different laws, and fall within different ERISA provisions and requirements. The court finds that the severance pay plan which forms the basis of plaintiff's ERISA claim is distinct from defendant's 401(k) pension plan and must be considered separately under 29 U.S.C. § 1003(b)(4).

To this court's knowledge, there are no published decisions construing and applying the exclusion in 29 U.S.C. § 1003(b)(4) to the facts of a particular case in terms of what constitutes a plan "primarily for the benefit of persons substantially all of whom are nonresident aliens." Defendant relies on an opinion letter from the Department of Labor, styled DOL Opinion Letter # 82–038A, Reuters Pension Fund, August 2, 1982, in which the Administrator of Pension and Welfare Benefit Programs expressed the opinion that where the company employed 2,700 persons, 257 of which were United States citizens, and where 154 out of 1,564 plan participants were United States citizens or residents, the plan was not covered by ERISA. In the case before the court, a much smaller percentage of employees of Potash Corporation of Saskatchewan are United States residents and employees.

The court finds that the severance pay plan of defendant and Potash Corporation of Saskatchewan falls within the exclusion provided for in 29 U.S.C. § 1003(b)(4), and that the record demonstrates no genuine issue of material fact in that regard. The evidence shows that the severance plan which forms the basis of plaintiff's claim is a plan maintained outside the United States primarily for the benefit of persons sub-

stantially all of whom are nonresident aliens. Defendant is entitled to summary judgment on plaintiff's ERISA claim.

Defendant also seeks summary judgment on plaintiff's breach of contract claim under Ohio law. Upon review of the materials currently in the record, the court is unable to say that no genuine issue of material fact exists as to this claim. Therefore, defendant's request for summary judgment on plaintiff's breach of contract claim is denied.

■ Defendant has also filed a motion to strike the jury demand. As noted previously, defendant falls within the definition of "foreign state" found in 28 U.S.C. § 1603(a). This action was removed to federal court under 28 U.S.C. § 1441(d), which specifically provides that "Upon removal the action shall be tried by the court without jury."

Plaintiff argues that diversity of citizenship and the existence of a federal statutory claim also provide a basis for jurisdiction and that therefore the right to a jury remains intact. However, the circuits which have addressed this issue have held that diversity or federal question jurisdiction was unavailable in those actions against foreign states, and that the only jurisdiction available was under the Foreign Sovereign Immunities Act of 1976. whether by original jurisdiction under 28 U.S.C. § 1330 or by removal from state court under 28 U.S.C. § 1441(d). *See, e.g., Arango v. Guzman Travel Advisors,* 761 F.2d 1527 (11th Cir.1985); *McKeel v. Islamic Republic of Iran,* 722 F.2d 582 (9th Cir.1983); *Goar v. Compania Peruana de Vapores,* 688 F.2d 417 (5th Cir.1982); *Houston v. Murmansk Shipping Co.,* 667 F.2d 1151 (4th Cir.1982); *Williams v. Shipping Corp. of India,* 653 F.2d 875 (4th Cir.1981); *Rex v. Cia. Pervana de Vapores, S.A.,* 660 F.2d 61 (3d Cir.1981); *Ruggiero v. Compania Peruana de Vapores "Inca Capac Yupanqui",* 639 F.2d 872 (2d Cir.1981). The court finds that jurisdiction over defendant is available only under 28 U.S.C. § 1441(d).

■ Plaintiff further argues that the provisions of 28 U.S.C. § 1441 would de-

prive him of the right to a jury trial under the Seventh Amendment of the United States Constitution. This argument has also been rejected. Courts have held that the Seventh Amendment does not grant a right to trial by jury in a civil action against a foreign state because such an action was unavailable at common law and is not analogous to any action at common law prior to the Seventh Amendment's adoption in 1791. *See, e.g., Williams*, 653 F.2d at 881–883; *Rex*, 660 F.2d at 68–69; *Ruggiero*, 639 F.2d at 878–881.

The court concludes that a jury trial is not available in this case, and that the lack of provision for a jury trial will not deprive plaintiff of any right under the Seventh Amendment. Defendant's motion to strike plaintiff's jury demand is granted.

In summary, defendant's motion for partial summary judgment is granted as to Count 4 of plaintiff's complaint (ERISA) and denied as to Count 1 of plaintiff's complaint (breach of contract). Defendant's motion to strike the jury demand is granted.